UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DERRICK CAIN,
        Plaintiff,

                                             No. 1:07-cv-543

-v-
                                          HONORABLE PAUL L. MALONEY

MICHIGAN DEPARTMENT OF CORRECTIONS,
        Defendant.


OPINION AND ORDER MODIFYING AND ADOPTING REPORT AND
RECOMMENDATION

This matter comes before the court on a report and recommendation (ECF No. 64) issued by the magistrate judge. The magistrate judge reviewed cross motions for summary judgment. (ECF Nos. 2 and 53-55.) The magistrate judge recommends denying Plaintiff's motion (ECF No. 53-55) for summary judgment. The magistrate judge also recommends granting Defendants' motion (ECF No. 2) for summary judgment, but dismissing several of the claims without prejudice. Plaintiff filed objections. (ECF No. 66.) Defendants did not file any objections.

**STANDARD OF REVIEW**

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must

specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**ANALYSIS**

The court finds the magistrate judge's report lengthy, thorough and detailed. Given the number of claims in the complaint, and the number of objections involved, both the recommendations in the report and Plaintiff's objections are identified herein.

**Recommendation 1** - Plaintiff's claims for declaratory and injunctive relief against Defendants Renico, Caldwell, S. Smith, Black, Jones, Dutcher, Burt, Fairbanks, Bulerski, and Rick are moot as a result of Plaintiff's transfer to the Baraga Maximum Correctional Facility (ATM) in 2005. (R&R, 28.)

Plaintiff does not object to this recommendation. Accordingly, this portion of the report is ADOPTED as the opinion of the court.

**Recommendation 2** - Plaintiff's claim for an injunction related to his request that he be permitted to possess a beaded necklace, ankh, incense, and meditation rug, mat or blanket is not ripe. (R&R, 28-30.)

Plaintiff objects. (Obj., 1-3 "Objection 1".) Plaintiff insists his grievance was denied at Step III. Plaintiff's objection is OVERRULED. On the record before this court, no determination has

been made whether Plaintiff may possess the requested items. Therefore, the claim is not ripe. Accordingly, this portion of the report is ADOPTED as the opinion of the court.

**Recommendation 3** - Defendants are entitled to summary judgment on plaintiff's claim for monetary damages against Defendants in their official capacities on the alleged violations of Plaintiff's rights under the First, Eight, and Fourteenth Amendments. (R&R, 30-31.)

Plaintiff objects. (Obj., 3-4, "Objection 2".) Plaintiff argues he raises several claims for prospective relief. Plaintiff's objection is OVERRULED. Plaintiff's objection on this point does not address the reasoning in the report. The recommendation here does not reach Plaintiff's claims for prospective relief. Accordingly, this portion of the report is ADOPTED as the opinion of the court.

**Recommendation 4** - Defendants are entitled to summary judgment on Plaintiff's statutory Religious Land Use and Institutionalized Persons Act (RLUIPA) claims against Defendants in their official capacities for monetary damages because those claims are barred by sovereign immunity. (R&R, 31-42.)

Plaintiff objects. (Obj. 4-5 "Objection 3".) Plaintiff argues the RLUIPA creates a private cause of action and allows parties to seek appropriate relief against governmental entities. Plaintiff's objection is OVERRULED. The Sixth Circuit Court of Appeals, which this court is bound to follow, has held that monetary damages for claims against individuals in their official capacities are not available under RLUIPA. *Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009). Because the *Cardinal* opinion was released for publication after the report and recommendation issued, the portion of the report on this issue is MODIFIED, by adding a positive reference to the relevant holding in *Cardinal,* and ADOPTED as the opinion of the court.

3

**Recommendation 5** - Defendants are entitled to summary judgment on Plaintiff's RLUIPA claims against Defendants in their individual capacities for monetary damages because the RLUIPA does not provide for a private right of action. (R&R, 43-46.)

Plaintiff objects. (Obj., 5-6 "Objection 4".) Plaintiff argues the individual defendants are recipients of federal funds and are persons acting under color of state law. Plaintiff's objection is OVERRULED. The Sixth Circuit has not specifically addressed this issue. The majority of circuit courts that have considered the issue have concluded that the RLUIPA does not authorize claims for monetary damages against defendants in their individual capacities. *See Rendelman v. Rouse*, 569 F.3d 182, 189 (4th Cir. 2009); *Sossman v. Texas*, 560 F.3d 316, 329 (5th Cir. 2009), *cert. granted*, ___ U.S. ___, 130 S.Ct. 3319 (May 24, 2010); *Nelson v. Miller*, 570 F.3d 868, 889 (7th Cir. 2009); *Smith v. Allen*, 502 F.3d 1255, 1275 (11th Cir. 2007). The court finds the legal reasoning in the report persuasive. Because the circuit court cases cited above, other than *Smith v. Allen*, were released for publication after the report and recommendation issued, the portion of the report on this issue is MODIFIED, by adding a positive reference to the relevant holdings in *Rendelman*, *Sossman*, and *Nelson,* and ADOPTED as the opinion of the court.

**Recommendation 6** - Plaintiff's claims under § 1983 and RLUIPA and Defendant's entitlement to qualified immunity. (R&R, 47-72.)

**Recommendation 6A.** Defendants are entitled to summary judgment on Plaintiff's Eighth Amendment claims. (R&R, 49-53.)

Plaintiff does not object to this recommendation. Accordingly, this portion of the report is ADOPTED as the opinion of the court.

**Recommendation 6B.** Defendants are entitled to summary judgment on Plaintiff's

First Amendment Free Exercise Claims. (R&R, 53-57.)

Plaintiff objects. (Obj., 7-9 "Objection 5".) Plaintiff argues Defendants have not established that accommodating Plaintiff's request for a vegan diet requires allocation of scarce resources that impact security concerns. Plaintiff reasons that providing a vegan diet would be cheaper than providing a kosher diet.

Plaintiff's objection is OVERRULED. The report cites a number of opinions where courts have found legitimate governmental interests in minimizing the financial and administrative costs of accommodating prisoners' requests for special diets. The report cites opinions where courts found both budgetary and security concerns arising from requests for special diets. Plaintiff does not respond to this legal authority. The court finds this portion of the report legally sound and well-reasoned. Accordingly, this portion of the report is ADOPTED as the opinion of the court.

**Recommendation 6C.** Defendants are entitled to summary judgment on Plaintiff's First Amendment Retaliation Claims. (R&R, 57-62.)

Plaintiff objects. Plaintiff argues the magistrate judge erred in recommending the retaliation claims against Defendant Caldwell be dismissed. (Obj., 16-17 "Objection 9".) Plaintiff argues he has established that, prior to the 2004 interview, he had filed a grievance against Defendant Caldwell and that she was aware of the grievance. Plaintiff further argues Caldwell misrepresented the information she was given at the interview, which she knew would cause his dietary request to be denied. Plaintiff also argues that the claim against Defendant Terri Smith should not be dismissed. Plaintiff insists that Terri Smith initiated his transfer from one facility to another for the purpose of depriving him of a specialty diet.

Plaintiff's objection is OVERRULED. Even if Plaintiff could overcome the "temporal

5

proximity" hurdle outlined in the report, Plaintiff has presented no evidence to support his claim Caldwell intentionally misrepresented the information provided at the interview. Calling Plaintiff's religion "other" is not an intentional misrepresentation of facts provided at an interview. Plaintiff cannot establish that the label "other" caused the denial of his request for a special diet. Plaintiff's objection fails to address the reasons provided in the report for denying the retaliation claim against Defendant Terri Smith. Accordingly, this portion of the report is ADOPTED as the opinion of the court.

**Recommendation 6D.** Defendants are entitled to summary judgment on Plaintiff's Due Process and Equal Protection claims. (R&R, 62-65.)

Plaintiff argues the magistrate judge erred in concluding that he has no equal protection claims against Defendants Burnett and Bulerski.[1] (Obj., 14-15 "Objection 8".) Plaintiff argues Defendant Burnett approved a vegan diet for a Buddhist, even though the religion does not require such, but would not approve a vegan diet for Plaintiff. In addition, Defendant Burnett rejected Plaintiff's request for various religious items. Plaintiff argued Defendant Bulerski would provide a Bible or Quran, but would not provide Plaintiff with his religious texts, which were necessary to the practice of his faith.

Plaintiff's objection is OVERRULED. The report explains how Defendant Burnett treated Plaintiff request for a special diet like all other prisoner requests for a special diet, including the Buddhist inmate who requested the vegan diet. Plaintiff has not addressed the reasoning in the report. As explained elsewhere, no decision has yet been reached as to whether Plaintiff may

---

[1]Plaintiff does not object to the recommendation that the Due Process claim against Defendant Rick be dismissed. (R&R, 62-63.)

possess the religious items he requested. Finally, Plaintiff has not established an equal protection claim against Defendant Bulerski. By Plaintiff's own admission, Bulerski treated all prisoners the same by allowing them access to either a Bible or a Quran. Accordingly, this portion of the report is ADOPTED as the opinion of the court.

**Recommendation 6E.** Defendants are entitled to summary judgment on Plaintiff's RLUIPA claims. (R&R, 65-68.)

Plaintiff argues he has presented evidence to establish a substantial burden and Defendants have not presented any evidence that their actions were the least restrictive means for furthering a compelling government interest. (Obj., 13-14 "Objection 7".) Plaintiff's objection is OVERRULED. Plaintiff does not disagree with the legal standard outlined in the report. Neither does Plaintiff disagree with the factual conclusions in the report. Plaintiff simply argues that the application of the facts do not support the legal conclusions in the report. The court finds the recommendations here well-supported and well-reasoned. Accordingly, this portion of the report is ADOPTED as the opinion of the court.

**Recommendation 6F.** Defendants are entitled to qualified immunity for Plaintiff's claims under § 1983 and RLUIPA. (R&R, 68-72.)

Plaintiff asserts several objections. First, Plaintiff argues his right to a vegan diet has been clearly established in this circuit, citing *Spies v. Voinovich*, 173 F.3d 398 (6th Cir. 1999), *Dehart v. Horn*, 227 F.3d 47 (3d Cir. 2000), and *Alexander v. Carrick*, 31 F.App'x 176 (6th Cir. 2003) (per curiam). (Obj., 9-10 "Objection 6".) Plaintiff's objection is OVERRULED. Plaintiff misconstrues the conclusions in the report. The magistrate judge did not conclude the right to a vegan diet was not clearly established. The magistrate judge concluded Plaintiff's complaint alleged a violation of

prison policy, rather than a violation of the First Amendment or the RLUIPA. (R&R, 71.) The magistrate judge also found Plaintiff, not Defendants, violated the prisons policy directive. Plaintiff's objections do not address the conclusions and recommendations in the report.

Second, Plaintiff argues Defendant Burnett's decisions in 2003 and 2004, denying Plaintiff a vegan diet, violated Plaintiff's rights. (Obj., 10-11 "Objection A".) Plaintiff reasons that if courts are improperly equipped to act as arbiters of the tenets of a religious faith, so too are correctional officers. Plaintiff's objection is OVERRULED. Burnett's affidavit (ECF No. 4-4, PgID 418-423) provides an explanation for the decisions denying Plaintiff's dietary request. In addition to a lack of information about whether the diet was necessary to Plaintiff's faith, the request was denied because Plaintiff lacked knowledge about his faith. (Burnett Aff. ¶¶ 11-13.) When Plaintiff was able to satisfy Defendants that his religion required a vegan diet and he was able to exhibit sufficient knowledge about his faith, his dietary request was approved. (*Id.* ¶ 14.) Plaintiff provides no legal authority establishing that either Burnett's conduct or the prison's policy violate clearly established constitutional rights.

Third, Plaintiff argues Defendant Bulerski's denial of Plaintiff's religious text violated Plaintiff's rights. (Obj., 11-12 "Objection B".) Plaintiff argues the text posed no security threat. Plaintiff argues the right to possess a religious text that poses no security threat has been clearly established. Plaintiff's objection is OVERRULED. The report properly resolves this objection. Furthermore, Plaintiff properly used the grievance procedure and the situation was remedied. (ECF No. 55-2 PgID 541 "3-3-05 Flash Kite".)

Fourth, Plaintiff argues Defendants Barry and Gazlay failed to serve a diet in compliance with Plaintiff's religious beliefs, which violated Plaintiff's clearly established constitutional rights.

8

(Obj., 12-13 "Objection C".) Plaintiff argues, for more than one year, he was served a "strict vegetarian" diet that included animal products. Plaintiff reasons Defendants Barry and Gazlay failed to perform their duties, which led to him consuming animal products. Plaintiff's objection is OVERRULED. Contrary to Plaintiff's assertion, the report did discuss and reject Plaintiff's claim against Defendants Barry and Gazlay. (R&R, 71 and 72.) The report properly resolves this objection. Accordingly, this portion of the report is ADOPTED as the opinion of the court.

**Recommendation 7** - This court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. (R&R, 73.)

Plaintiff objects. (Obj., 18.) Plaintiff objection is OVERRULED. Plaintiff does not address the reasoning in the report. Accordingly, this portion of the report is ADOPTED as the opinion of the court.

**Recommendation 8** - Plaintiff's claims against Defendants Snyder and Jones should be dismissed. Neither party has been served with process, and the facts alleged fail to state a claim. (R&R, 73-75.)

Plaintiff does not object to this recommendation. Accordingly, this portion of the report is ADOPTED as the opinion of the court.

**CONCLUSION**

The court agrees with the recommendations contained in the report issued by the magistrate judge. The report is adopted, with modifications to incorporate circuit court holdings regarding suits under the RLUIPA contained in opinions published after the report was issued.

**ORDER**

For the reasons provided in the accompanying opinion, **IT IS HEREBY ORDERED:**

1. The report and recommendation (ECF No. 64) is **MODIFIED AND ADOPTED** as the opinion of this court.

2. Plaintiff's motion for summary judgment (ECF Nos. 53-55) is **DENIED.**

3. Defendants' motion for summary judgment (ECF No. 2) is **GRANTED.** Plaintiff's federal claims against Defendants MDOC, Caldwell, Fairbanks, Caruso, Burnett, McLemore, Renico, S. Smith, Dutcher, Burt, Bulerski, Rick, Barry, Gazlay, Perttu, Black, and T. Smith are DISMISSED WITH PREJUDICE, with the exception that Plaintiff's claims against Defendant Burnett relating to Plaintiff's request to purchase and possess four items of personal property is DISMISSED WITHOUT PREJUDICE for lack of ripeness. Plaintiff's claims against Defendants Jones and Snyder are DISMISSED under 28 U.S.C. § 1915A for failure to state a claim. The court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, which are DISMISSED WITHOUT PREJUDICE.

4. Having reviewed the record for the purpose of determining whether any appeal would be taken in good faith, the court finds an objective basis for appealing the issues contained in recommendation 2, 5, 6E and 6F only. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).


Date:   February 1, 2011                                         /s/ Paul L. Maloney
                                                                 Paul L. Maloney
                                                                 Chief United States District Judge